UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN C. KNAUS,

        Plaintiff,

v.                                                  Case No. 18-C-1034

TOWN OF LEDGEVIEW &
MARK S. ROBERTS,

        Defendants.

---

## SCREENING ORDER

---

The plaintiff, who is currently representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The plaintiff is required to pay a $350.00 statutory filing fee for bringing an action. 28 U.S.C. § 1914(a) If a plaintiff does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. *See* 28 U.S.C. § 1915(a)(1). The Court has reviewed the affidavit submitted in support of the motion and concludes that plaintiff lacks sufficient income and/or assets to pay the filing fee. The plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by individuals proceeding without prepayment of the filing fee. 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or portion

thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that the Town of Ledgeview and its code enforcement officer Mark Roberts have been issuing citations and harassing letters to plaintiff for over twelve years, including letters about his van, building inspections, trailers, the coverings on his home, and motorcycles in his driveway. Although he gives no dates, plaintiff alleges the most recent letter pertained to a van in his front yard, which plaintiff has painted red, white, and blue and considers to be a lawn ornament. Plaintiff also complains of a raze order he received, which he successfully fought in state circuit

2

court, and a "raid" of his home by officers. Plaintiff believes these actions are in violation of his constitutional rights.

## THE COURT'S ANALYSIS

Plaintiff has failed to state a claim upon which relief can be granted because his complaint lacks sufficient details to put the defendants on notice of the claims he is bringing. In considering whether a complaint states a claim, courts should identify "the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* Although *pro se* filings are to be read liberally, plaintiff's complaint does not provide enough facts to determine whether he states a claim upon which relief may be granted. The complaint does not allow any of the named defendants or the court to understand what they are alleged to have actually done, when, where, and what injury or damage their actions allegedly caused the plaintiff. The essential function of a complaint is to provides such notice, *see* Fed. R. Civ. P. 8(a), and neither the defendants, nor the taxpayers who employ them, should be forced to incur the cost of defending themselves in a federal lawsuit absent some indication that the plaintiff has a cognizable federal claim and enough information so they know what his claim is about.

Additionally, because plaintiff offers no dates or specific details about these alleged letters, it is impossible to determine whether plaintiff's complaints are timely or whether they are barred by the doctrine of issue and claim preclusion. This is not plaintiff's first lawsuit against defendants. Rather, plaintiff first sued the Town of Ledgeview and code enforcement office Mark Roberts in 2010. *See Knaus v. Town of Ledgeview*, No. 10-C-502 (E.D. Wis. June 16, 2010). This case was

3

dismissed for failure to state a claim and plaintiff did not appeal. *See Knaus v. Town of Ledgeview*, No. 10-C-502, 2010 WL 3021918 (E.D. Wis. July 29, 2010).

In 2012, plaintiff brought suit against the Town of Ledgeview and Mark Roberts again.[1] *See Knaus v. Town of Ledgeview*, No. 12-C-1082 (E.D. Wis. Oct. 24, 2012). In this suit, plaintiff brought a "class of one" discrimination claim, alleging that the Town of Ledgeview and Mark Roberts, violated his constitutional rights by treating him differently than other similarly situated homeowners. *See Knaus v. Town of Ledgeview*, 561 F. App'x 510 (7th Cir. 2014). Plaintiff alleged that he received citations and warning letters about the van in his yard. *Id*. at 512. Additionally, plaintiff complained about a search warrant that was issued and executed on plaintiff's house for building violations, which showed violations such as improper insulation, fire hazards, a lack of permanent electrical wiring, and an insufficiently supported second floor. *Id*. at 512. Plaintiff also complained of the raze order that he successfully defended against. *Id*. at 513. This Court found that plaintiff had failed to put forth sufficient evidence to state a "class of one claim" against defendants, and that plaintiff's 2010 federal suit precluded his remaining claims; thus, it granted summary judgment in favor of the defendants. *Id*. The Seventh Circuit Court of Appeals affirmed the Court's grant of summary judgment. *Id*. at 515. It appears from plaintiff's complaint, that he is complaining again about similar actions taken by defendants. Moreover, because plaintiff includes no dates within his current complaint, it is unclear whether plaintiff is complaining of new violations by defendants or the same violations that formed the basis of plaintiff's 2010 and 2012 claims.

---

[1] Plaintiff actually brought two suits, one in federal court and one in state court. The state court case was ultimately removed to federal court. *See Knaus v. Gerbers*, No. 12-C-1194 (E.D. Wis. Nov. 26, 2012). The cases were substantively identical and addressed together with the original federal case, No. 12-C-1082, being treated as the lead case. Thus, I will refer only to the lead case throughout the remainder of this opinion.

4

If the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed within 30 days. Failure to file an amended complaint within this time period may result in dismissal of this action. In plaintiff's amended complaint, he must describe who took the actions he believes violated his rights, when the actions were taken, and what the actions were.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED without prejudice**. Plaintiff shall file an amended complaint within 30 days or this case will be dismissed. The Clerk shall provide plaintiff with a copy of the Court's guide for *pro se* litigants.

Dated at Green Bay, Wisconsin this __9th__ day of July, 2018.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach, Chief Judge
                                                  United States District Court