UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN C. KNAUS,

        Plaintiff,

v.                                                   Case No. 18-C-1034

TOWN OF LEDGEVIEW
& MARK S. ROBERTS,

        Defendants.

## SCREENING ORDER

This is the most recent lawsuit in a series of disputes between Plaintiff John Knaus and the Town of Ledgeview and its code enforcement officer Mark S. Roberts. Knaus, who is representing himself, has filed an amended complaint alleging that Ledgeview and Roberts sent him "harassing" letters and threaten citations for various violations of town ordinances based on the state of Knaus' property. Knaus was granted leave to proceed without prepayment of the filing fee on July 6, 2018, and ordered to file an amended complaint because his original complaint failed to state a claim upon which relief could be granted. ECF No. 3.

## LEGAL STANDARD

The court is required to screen complaints brought by individuals proceeding without prepayment of the filing fee. 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an

arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Much of Knaus' complaint describes events that occurred in 2011 related to a raze order and subsequent restraining order Knaus received to stop the raze order. Knaus has had the opportunity to challenge these events in his first two lawsuits: *Knaus v. Town of Ledgeview*, No. 10-C-502 (E.D. Wis.), and *Knaus v. Town of Ledgeview*, No. 12-C-1082 (E.D. Wis.). The court will therefore not entertain Knaus' attempts to re-litigate those events now.

Knaus' remaining allegations stem from a number of allegedly threatening letters and citations he has received from Ledgeview. Knaus alleges that he received seven threatening letters and citations for litter from Ledgeview which were directed at a van he has permanently parked in his front yard. Knaus maintains that he fought these citations through the state court appellate system well into 2012.

Knaus also alleges that, in October 2015, he received another threatening letter with two citations for an abandoned vehicle and litter in his yard directed at the same van that remained parked in his yard. When he fought these citations, the state court ruled in his favor.

Knaus claims in January 2016, he received a harassing letter that threatened the issuance of a citation for signage on his yard, which he believes was directed at the weatherization wrap he used on his house. Knaus claims that Ledgeview did not issue a citation but he was always worried that it would.

Next, Knaus claims that in July 2017, he received another harassing letter about two utility trailers he had parked in his driveway, which he alleges Roberts claimed were in the driveway. Again, no citation was ever issued, but Knaus alleges he still believes one is coming.

Lastly, Knaus complains about two phone calls he received from the Brown County Sheriff's Department about a protective board Knaus placed on his mailbox. Knaus speculates that Ledgeview complained to the Brown County Sheriff so that he would harass Knaus on its behalf. Knaus alleges that the Brown County Sheriff came to Knaus' home to attempt to speak with him about the mailbox covering. Knaus does not allege that he received any citations for the mailbox covering or that anything else resulted.

Knaus alleges that he lives in fear of what Ledgeview and Roberts will do next and whether he will receive another citation. He asks the court to stop Ledgeview from harassing him and issuing him citations when he has a standing restraining order against it.

## ANALYSIS

As a preliminary matter, the court finds that it has no subject matter jurisdiction over this action. Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at

3

any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). After reviewing the complaint, the court finds it does not have subject matter jurisdiction over this action based on either diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331.

Diversity jurisdiction exists when there is complete diversity of citizenship among the parties to an action and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). In this case, complete diversity does not exist because Knaus and Roberts both appear to reside in Wisconsin.

Knaus has also failed to sufficiently plead a federal question. For a court to exercise federal question jurisdiction, a well-pleaded complaint must establish "that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). A federal court must entertain a complaint seeking recovery under the Constitution or laws of the United States "unless the alleged federal claim either 'clearly appears to be immaterial and solely made for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (quoting *Bell v. Hood*, 327 U.S. 678, 681–82 (1946)). If a district court determines a complaint is undermined by either deficiency, "the complaint must be dismissed for want of federal subject matter jurisdiction." *Id.*

Knaus' primary allegations are of harassment and intentional infliction of emotional distress. Both issues are matters of state law and cannot confer jurisdiction upon this court. Moreover, Knaus' allegations that he received "harassing and threatening" letters are conclusory. In screening a complaint, the court must only accept factual allegations as true.

Knaus' additional factual allegations relating to Ledgeview and Roberts' conduct fail to plead a question of federal subject matter jurisdiction. In particular, Knaus' factual allegations do not state a claim for relief under 42 U.S.C. § 1983. As an initial matter, the statute of limitations for § 1983 claims in Wisconsin at the time the events occurred was six years. *Cannon v. Newport*, 850 F.3d 303, 305–06 (7th Cir. 2017). The statute has since been amended and provides that § 1983 claims must be brought within three years. Because the actions complained of precede the amendment, the six-year statute of limitations applies. In any event, all of Knaus' claims regarding the letters and citations he received before 2012 are barred by the statute of limitations.

As for Knaus' remaining factual allegations, he incurred no constitutionally protected harm. He successfully defended his 2015 citation and despite receiving warning letters, he has not received another citation from Ledgeview since. The warning letters Knaus received are not sufficient to plead a violation of a constitutional right. *See Kennedy v. Hughes,* 596 F. Supp. 1487 (D. Del. 1984) ("Given that the ordinance was valid . . . and the plaintiffs were violating it, the actions of the police—watching the studio to detect violations of the ordinance and warning [plaintiff] that she could be arrested if she violated the ordinance—were simply normal police tactics that do not violate plaintiffs' constitutional rights."); *see also Namohala v. Maeda*, No. 11-00786 JMS/KSC, 2012 WL 6019494, at *4 (D. Haw. Nov. 30, 2012) (explaining that allegations that plaintiff received a warning letter "would not establish that [defendant] engaged in any conspiracy to deprive Plaintiff of his

5

constitutional rights—this letter establishes that [Defendant] merely gave Plaintiff a warning"). Lastly, Knaus' allegations that the Brown County Sheriff's Department was harassing him on behalf of Ledgeview is purely a conclusion without any factual support and is not sufficient to state a plausible claim.

At most, reading Knaus' claims very liberally, he may be attempting to allege a class-of-one violation under the Fourteenth Amendment. In order to "state an equal protection claim on a class-of-one theory, a plaintiff must allege that he has been 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Forgue v. City of Chicago*, 873 F.3d 962, 968 (7th Cir. 2017) (quoting *Engquist v. Ore. Dep't of Agric.*, 553 U.S. 591, 601–02 (2008) (citation omitted)). Although the standard for pleading such a claim is in flux in this circuit, it appears clear that in order to successfully plead a class-of-one claim, a plaintiff must either plead that the defendant treats a similarly situated comparator differently or that there is no rational reason to explain why the defendant is targeting him. *Miller v. City of Monona*, 784 F.3d 1113, 1120 (7th Cir. 2015).

Knaus does not allege that he was treated differently than a similarly situated comparator or that there is no rational basis for his warning letters. Although Knaus alleges that he does not believe he is violating the ordinances, he does not challenge the validity of the ordinances or allege that Ledgeview is irrational in its issuance of the citations. Indeed, the amended complaint identifies the various ordinances that Ledgeview cites in its warning letters. The Seventh Circuit has made clear that this is insufficient to plead a claim under even the least demanding standard for class-of-one claims. *Id*. at 1121.

Finally, the *Rooker-Feldman* doctrine bars this court from addressing Knaus' claims. Knaus asks this court to review the citations he received and to apply his state court temporary restraining order against the citations. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). District courts do not have the power to exercise appellate review over state court decisions. *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). Knaus must appeal his state court citations in the Wisconsin state courts. *See Wright v. Tackett*, 39 F.3d 155, 157–58 (7th Cir. 1994). In sum, Knaus' complaint must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, this action is dismissed *sua sponte* for lack of subject matter jurisdiction. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this   26th   day of December, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court